IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

QUINCY JEROME PERRY                                                                                   PLAINTIFF
#3023

v.                                      3:22-cv-00302-BRW-JJV

PATRICIA MARSHALL,
Jail Captain, Poinsett County, *et al*.                                                            DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     DISCUSSION**

Quincy Jerome Perry ("Plaintiff") is a pretrial detainee in the Poinsett County Detention Center. In November 2022, he filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging four defendants at the jail violated his constitutional rights by: (1) housing felony and misdemeanor detainees together; (2) discussing detainees' private matters in the presence of other detainees; (3) subjecting him to a variety of inhumane conditions; (4) providing inadequate medical care; (5) denying visitation; (6) infringing his religious rights; (7) retaliating against him; and (8) allowing a jailer under twenty-one years of age to hand out tobacco products. (Doc. 2.)

On December 8, 2022, I entered an Order explaining to Plaintiff that he could not bring these factually and legally unrelated claims in one lawsuit. (Doc. 3.) And I pointed out several other pleading deficiencies with his Complaint. I then gave him thirty days to file an Amended Complaint containing only properly joined and pled claims. And I cautioned Plaintiff that if he did not timely and properly do so, I would only screen his first properly joined claims and recommend all others be dismissed without prejudice. (*Id*. at 5.) Plaintiff has not complied with my instructions, and the time to do so has expired. Accordingly, I will only screen his first properly joined claim.

Plaintiff says there are "felons mixed with misdemeanors / improperly housed and let out with felons instead of misdemeanors." (Doc. 2 at 4.) I conclude this is not a plausible failure to protect claim for several reasons. First, as explained in my prior Order, a plaintiff must have standing to bring a claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). If "a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). To establish standing, a plaintiff must show he "suffered an injury in fact that is fairly traceable to the defendant's challenged action" and that the injury will be redressed by a favorable judgment. *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022); *see also Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties"). Plaintiff does not say he, as opposed to other detainees, has been improperly housed with felons or that he has suffered any injury as a result thereof. Thus, he does not have standing to bring his vague claim.

Second, even if Plaintiff surpassed that hurdle, to plead a plausible failure to protect claim he must provide facts explaining: (1) objectively, there was a substantial risk of serious harm; and

(2) subjectively, each defendant knew of but disregarded that substantial risk of serious harm. *Vandevender v. Sass*, 970 F.3d 972, 975 (8th Cir. 2020); *Barton v. Taber*, 908 F.3d 1119, 1124, 1126 (8th Cir. 2018). Plaintiff has not explained how the housing arrangement is creating a substantial risk of harm or how any of the named Defendants were subjectively aware of but deliberately indifferent to that substantial risk of harm. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). And a mere violation of internal jail rules prohibiting such housing arrangements is not enough to sustain a constitutional violation. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, I conclude he has not stated a plausible claim here.

For these reasons, I recommend: (1) Plaintiff's housing claim be dismissed without prejudice for failing to state a claim upon which relief may be granted; (2) Plaintiff's conditions of confinement claims about dirty food trays, inadequate recreation time, twenty-three hour lock down, black mold, inadequate cleaning supplies, padlocks on the cell doors, exposed wires, inadequate hot water, and a broken sprinkler system) be dismissed without prejudice because they are already pending in another lawsuit, *Perry v. Doe,* 3:22-cv-00291-DPM-JJV; and (3) all remaining claims in the Complaint be dismissed without prejudice as improperly joined. *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims involve a "question of law or fact" that is "common to all defendants"); Fed. R. Civ. P. 21 (a court may *sua sponte* "add or drop" an improperly joined party or claim); *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019) (unpublished opinion) (affirming dismissal without prejudice of unrelated claims).

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE